UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
HECTOR DURAN
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, Texas   77002
Telephone:  (713) 718-4650 x 241
Fax:  (713) 718-4670

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| BAGBY/GRAY RESTAURANT, LTD. | § | 13-30779-H2-11 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**EMERGENCY MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE, OR IN THE ALTERNATIVE, TO APPOINT CHAPTER 11 TRUSTEE, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7**

_____

**BLR 9013-1(i) NOTICE**:  EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**BLR 9013-1(b) NOTICE**:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**EMERGENCY RELIEF IS NEEDED ON OR BEFORE MARCH 12, 2013.**_____
TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

COMES NOW the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully moves this Court for an order dismissing this case under 11 U.S.C. § 1112(b), or in the alternative, for an order directing appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1), or in the alternative, for an order converting the case to chapter 7 under 11 U.S.C. § 1112(b), and represents as follows:

### I. Jurisdiction

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Judy A. Robbins is the duly appointed United States Trustee for the Southern District of Texas ("UST") under 28 U.S.C. § 581(a)(7).

3. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under title 11.

4. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the UST is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(G).

### II. Factual Background

5. On February 6, 2013, Bagby/Gray Restaurant, Ltd. d/b/a Farrago Restaurant ("Debtor") filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. Since the order for relief under chapter 11 was entered, the Debtor has operated as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. The Debtor is identified as a small business debtor. It is a limited partnership doing business in the State of Texas. It owns and operates a restaurant known as Farrago Restaurant located at 318 Gray, Houston, Texas. The general partner is Farrago Management, L.L.C. and the limited partner is Howard L. Steele, Jr. ("Steele"). According to Steele's testimony at the meeting of creditors, the Debtor filed for bankruptcy protection because area construction caused a material reduction in cash flow.

7. The Debtor reported assets of $89,509.00 and liabilities of $381,909.92. The Debtor's primary assets consist of: (a) business personal property valued at $47,759.00; (b) inventory of food, liquor and wine valued at $5,000.00; (c) office equipment valued at $1,000.00; (d) a 1994 Plymouth van valued at $500.00; and (e) claims against CenterPoint Energy for $15,000.00, against Shaw Industries, Inc. for $10,000.00, and against Orkin Pest Control for $10,000.00

8.      The Debtor reported secured debts of $157,486.00, priority debts of $66,048.75, and general unsecured debts of $158,375.17.

9.      On February 21, 2013, the Court entered the Agreed Order (Doc. No. 9) granting use of cash collateral and directing the Debtor, among other things, to deposit into the sales tax escrow account all Texas sales taxes collected from or accrued during the operation of the business.

### III.  Cause to Convert or Dismiss or to Direct Appointment of a Chapter 11 Trustee

10.     Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(C) or to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104 because of incompetence or gross mismanagement of the affairs of the Debtor by current management.  Specifically, the Debtor has failed to maintain appropriate insurance that poses a risk to the estate or to the public, has failed to file tax returns, and has failed to pay sales taxes, mixed beverage taxes, and federal payroll taxes to the appropriate taxing authorities.

11.     Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(C) or to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104 because the Debtor has failed to maintain appropriate insurance that poses a risk to the estate or to the public.  Specifically, the Debtor has failed to maintain commercial general liability insurance, commercial property damage insurance, liquor liability insurance, vehicle liability insurance, and worker's compensation insurance.

12.     Cause exists to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1) or to convert the case to chapter 7 under 11 U.S.C. § 1112(b) because the allegations in paragraphs 10 and 11 of this Motion show that the Debtor has failed or is incapable of performing its fiduciary duties.

13.     Cause exists to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(2) or to convert the case to chapter 7 under 11 U.S.C. § 1112(b) because such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the Debtor or the amount of assets or liabilities of the Debtor.

14.     The Debtor will incur quarterly fees for the first quarter of 2013.  The UST is unable to determine the amount due at this time in the absence of statements of disbursements.  The UST requests that this Court fix the sum due as an administrative expense of this estate under 11 U.S.C. § 503(b) for fees due and payable to the UST under 28 U.S.C. § 1930(a)(6).

### IV.  Relief Requested

15.     The UST requests the Court to dismiss this chapter 11 case because it is in the best interests of creditors and the estate.  On information and belief, the Debtor has been declined for insurance coverage to date because there is no trustee in this pending chapter 11 case and because the current owner has not owned the business for a very long period.  Although the Debtor is trying to obtain insurance coverage, the UST is concerned that an accident could occur

that would prejudice creditors.

16.     If the Court finds that dismissal is not in the best interests of creditors and the estate, then the UST, in the alternative, requests an order directing the appointment of a chapter 11 trustee. The appointment of an independent, disinterested person is necessary to administer this estate, to ensure fulfillment of fiduciary duties, and to prevent prejudice to creditors.

17.     If the Court finds that neither appointment of a chapter 11 trustee nor dismissal is in the best interests of creditors and the estate, then the UST, in the alternative, requests conversion to chapter 7.

WHEREFORE, the UST prays that this Court enter an order dismissing this case under 11 U.S.C. § 1112(b) and fixing the sum due for fees due and payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) as an administrative expense of this estate under 11 U.S.C. § 503(b), or in the alternative, an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1), or in the alternative, an order converting this case to a case under chapter 7 under 11 U.S.C. § 1112(b), and for any and all further relief as may be equitable and just.

Dated: March 6, 2013                    Respectfully Submitted,

                                        JUDY A. ROBBINS
                                        UNITED STATES TRUSTEE

                                        By:     /s/ Hector Duran
                                                Hector Duran
                                                Texas Bar No. 00783996/Fed. ID No. 15243
                                                515 Rusk, Suite 3516
                                                Houston, Texas  77002
                                                (713) 718-4650 ext. 241
                                                (713) 718-4670 Fax

## CERTIFICATION

The undersigned hereby certifies that, to the best of my knowledge, information and belief, the factual statements in the foregoing pleading are accurate.

                                        /s/ Hector Duran
                                        Hector Duran

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served upon the parties listed below by United States Mail, first class, postage prepaid or by ECF transmission or BNC noticing, on the 6th day of March, 2013.  BNC will file a certificate of service that includes the names and addresses of those served, including the parties listed below and the twenty largest unsecured creditors.

                                  /s/ Hector Duran
                                  Hector Duran

DEBTOR:

Bagby/Gray Restaurant, Ltd.
318 Gray
Houston, TX  77002

COUNSEL FOR DEBTOR:

Christopher Adams, Esq.
1113 Vine St., Suite 201
Houston, TX  77002

PARTIES REQUESTING NOTICE:

Texas Comptroller of Public Accounts
Jason Starks
Assistant Attorney General
Arthur A. Stewart
Assistant Attorney General
Texas Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX  78711-2548

Harris County
c/o John P. Dillman, Esq.
P.O. Box 3064
Houston, TX  77253-3064

Post Midtown Square, L.P.
c/o Jo E. Hartwick, Esq.
2323 Bryan St., Suite 2200
Dallas, TX  75201-2689